SYC *v.* SYC.

1. DIVORCE—EXTREME CRUELTY—SUPPORT OF WIFE.
   Decree of trial court granting decree of divorce to plaintiff wife on the ground of insufficient support and extreme cruelty is not disturbed under evidence presented.

2. SAME—DIVISION OF PROPERTY.
   Decree of divorce to wife at termination of marriage of upwards of 35 years during most of which time she was employed at factories, in which decree the wife was accorded considerably more than one-half of the property and a lien on farm and equipment for payment of $6,522 is modified to reduce the lien to $5,000 and otherwise affirmed.

3. SAME—COSTS—MODIFICATION OF DECREE.
   No costs are awarded either party to suit for divorce on husband's appeal, where lien of wife on farm and equipment is substantially reduced, neither party having prevailed in full.

Appeal from Branch; Jacobs (Theo T.), J. Submitted June 9, 1954. (Docket No. 26, Calendar No. 46,148.) Decided September 8, 1954.

Bill by Elizabeth S. Syc against Joseph Syc for divorce, with cross bill by defendant. Decree granting divorce and property settlement to plaintiff. Defendant appeals. Modified as to property settlement and affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce §§ 48, 153.
[2] 17 Am Jur, Divorce § 600.
[3] 17 Am Jur, Divorce § 581.

*R. J. Megargle,* for plaintiff.

*Joseph Charnoske,* for defendant.

REID, J. Defendant, cross plaintiff, appeals from the order of the court dismissing his cross bill and granting plaintiff a divorce on her bill of complaint. Defendant husband also complains of the amount of the award of property to the plaintiff wife.

The parties were married, May 29, 1917. They have 2 children, a daughter Veronica (now Chase), 35 years of age, and a son Florian, 26 years of age. The parties lived together as husband and wife, excepting for one brief separation, until September 1, 1952. The bill of complaint in the instant case was filed September 5, 1952.

About a year after the birth of Veronica, the plaintiff wife began to work and earn wages. She says she did so because her husband didn't give her enough and didn't give her his check. The parties lived at Jackson, Michigan, for a few years after the marriage and later returned to Bronson, where they purchased a farm of about 70 acres in 1924, taking the title as tenants by the entireties. They paid $4,000 for it subject to a mortgage for $1,700 and it seems to have yielded meager returns. The defendant worked at various factory jobs in addition to operating the farm.

The testimony of the plaintiff wife that the defendant was guilty of extreme cruelty and never fully supported the plaintiff or their children is corroborated by the testimony of the children themselves. During much of their married life, the defendant husband's work was on irregular shifts as a utility man, required to take the place of anyone who was ill or absent. The wife worked at the plant of the Douglas Manufacturing Company at Bronson, and at the time of the hearing in the

trial court she had 21 years seniority at that job.

The testimony amply supports the claim of the wife to insufficient support by the husband and his extreme cruelty, and a decree of divorce in her favor is in keeping with a preponderance of proof in the case. We do not disturb the trial court's finding in that particular.

On account of the illiteracy or poor command of the English language of the plaintiff wife, it is uncertain how much cash she had on hand in her own name at the time of the hearing. At one time she testified:

"*Q*. All you have is seven or eight thousand in cash?

"*A*. Seven or eight thousand.

"*Q*. At the time you withdrew from the bank, how much have you got more than you withdrew from the bank?

"*A*. I have not got any more.

"*Q*. How much is the total amount of money you have got?

"*A*. About $3,000 because I had to pay for my boy's school.

"*Q*. You just withdrew 6 months ago from the Bronson Savings Bank $4,900, and last September $2,800 from the Sturgis Savings Bank—

"*A*. I did not have in 1949 in Bronson—

"*Q*. You have not got that money?

"*A*. No I have not."

The court awarded to plaintiff wife all the household goods and personal effects then in her possession, as well as her separate bank accounts and other savings, and seems to have left undisturbed the title in the wife to the lot and garage or small dwelling on it purchased by the wife and title to which was taken in her own name. Plaintiff was also awarded a lien upon the farm and equipment in the amount of $6,522. The husband received the Kaiser automo-

bile of questionable value, and the farm and equivalent subject to the lien for the wife of $6,522. It is apparent that the trial court awarded the wife considerably more than one-half of the total value of the property held by the parties.

While it is doubtless best that the farm should be awarded to the husband, because apparently he can manage it and do the necessary work better than his wife can, still in view of the total amount held by the parties, we would think the award to the wife of $6,522 gives her an undue proportion of the holdings of the parties. The lien to the wife should be reduced to the sum of $5,000 and with that reduction, the decree of the circuit court should be affirmed. No costs to either party, neither having prevailed in full.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.